## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS CONDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Court No.: |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, a municipal | ) | *PLAINTIFF Demands Trial By Jury* |
| corporation, unidentified Chicago Police | ) | FILED: APRIL 30, 2009 |
| officers, agents, and employees, | ) | 09CV2641 |
| CHICAGO POLICE OFFICER | ) | JUDGE HIBBLER |
| CHRISTOPHER LINDAHL, individually | ) | MAGISTRATE JUDGE ASHMAN |
| and as agent of CITY OF CHICAGO, and | ) | BR |
| CHICAGO POLICE OFFICER | ) | |
| THOMAS GRIMM, individually and as | ) | |
| agent of CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

PLAINTIFF, THOMAS CONDON, through his attorneys, SCHIFF GORMAN &

KRKLJES, for his Complaint against CITY OF CHICAGO, a municipal corporation, and

unidentified Chicago Police Officers, agents, and employees, CHICAGO POLICE OFFICER

CHRISTOPHER LINDAHL, individually and as agent of CITY OF CHICAGO, CHICAGO

POLICE OFFICER THOMAS GRIMM, individually and as agent of CITY OF CHICAGO,

states as follows:

## JURISDICTION AND VENUE

1.     This is a civil rights action for damages to redress deprivations under color of law

of rights, privileges and immunities secured by the 4th and 14th Amendments to the United States

Constitution, and Title 42 U.S.C. Sections 1983 and 1988. All acts complained of took place in

1

Cook County, Illinois which is within the Northern District of Illinois, Eastern Division. The Court has jurisdiction of this action under Title 28 U.S.C. Sections 1331 and 1343.

## PARTIES

2.      Plaintiff, THOMAS CONDON, (hereinafter "PLAINTIFF" or "CONDON") is a natural person and a citizen of the United States.

3.      Defendant, CITY OF CHICAGO (hereinafter "CHICAGO") is a municipal corporation, organized under Illinois law and located in Cook County, Illinois and as such is responsible for the policies, practices and procedures of the Chicago Police Department, and its police officers, including OFFICERS CHRISTOPHER LINDAHL and THOMAS GRIMM. CHICAGO is responsible for the acts of its employee police officers while acting within the scope of their employment, including LINDAHL and GRIMM, as well as the unidentified officers referenced herein.

4.      At all times relevant herein CHRISTOPHER LINDAHL (hereinafter LINDAHL) was a duly authorized police officer of the Chicago Police Department (Star # 8634) and employee of the CITY OF CHICAGO and acting in the course and scope of said employment.

5.      At all times relevant herein THOMAS GRIMM (hereinafter GRIMM) was a duly authorized police officer of the Chicago Police Department (Star # 18554) and employee of the CITY OF CHICAGO and acting in the course and scope of said employment.

## FACTS

6.      On and prior to May 19, 2007, CONDON was a resident of the Haymarket/McDermott Center at 124 N. Sangamon Street in Chicago (hereinafter "Haymarket") and was seeking medical care.

2

7.    On May 19, 2007, Haymarket officials requested that CONDON report to the security office.

8.    At the aforementioned time and place, CHICAGO officers, including LINDAHL and GRIMM, were called to the Haymarket and met CONDON in the security office.

9.    LINDAHL and GRIMM, and unidentified Chicago police officers, arrested CONDON, handcuffed him, placed him in a headlock and physically beat and battered CONDON about the head and body.

10.    CHICAGO officers then transported CONDON to Chicago Police Department District 12 for processing and to District 11 for lockup.

11.    At no time did CONDON resist arrest.

12.    At said lockup, CONDON was handcuffed to a wall. LINDAHL and GRIMM, and other CHICAGO agents and/or employees again physically beat and battered CONDON while he was handcuffed to the wall, and continually and consistently verbally provoked him.

13.    When LINDAHL and GRIMM, and other unidentified CHICAGO agents and/or employees were approached by CHICAGO officials regarding CONDON's battered and bloody body, said officers intentionally lied and fabricated a story accusing CONDON of assault.

14.    CHICAGO agents and/or employees took CONDON to UIC Hospital where he was examined and treated for contusions, bruises, and lacerations, among other injuries received at the hands of LINDAHL and GRIMM, and other unidentified CHICAGO agents and/or employees.

15.    While at the hospital, Chicago Police Department Internal Affairs officers and agents interviewed CONDON regarding his being physically assaulted and battered at the hands

3

of LINDAHL and GRIMM, and other unidentified CHICAGO agents and/or employees.

16     CONDON was charged with two counts of felony assault and one count of resisting arrest.

17     The matter went to trial and CONDON was acquitted of all charges.

18     Polices and procedures CHICAGO forbid its police officers to physically beat and batter persons under its control.

19     Notwithstanding these policies and procedures, CHICAGO, LINDAHL, and GRIMM, and/or other unidentified police officers, deputies and agents, intentionally and maliciously beat and battered CONDON while under their control.

**COUNT I**
**VIOLATION OF TITLE 42 U.S.C. SECTION 1983**

20.     CONDON adopts and re-alleges Paragraphs 1 through 19 as if fully set forth herein.

21.     42 U.S.C. 1983, titled A Civil Action for Deprivation of Rights, provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any state . . . .subjects, or causes to be subjected any citizen of the United States . . . to do deprivation of any rights, privileges, or immunity secured by the Constitution and laws shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress.

22.     CHICAGO, and acting through LINDAHL and GRIMM, and other unidentified officers, agents, servants, and employees, willfully and maliciously violated CONDON's constitutional rights by maliciously and intentionally inflicting a permanent painful injury upon him in what amounts to excessive force, and fabricating a report in an attempt to justify acts.

4

23.    CHICAGO officially sanctioned, approved or authorized the unconstitutional policies instituted by the police department.

24.    CHICAGO, through departmental policies, practices and customs, caused CONDON to suffer an unconstitutional deprivation of liberty, and violations of his rights to remain free from unreasonable seizure and from the use of excessive force upon his person.

25.    CHICAGO, through their respective officers and agents, including LINDALH and GRIMM, have exhibited deliberate indifference towards detainees, including CONDON, in regard to failing to supervise and train their respective employees and act consistent with established policies and procedures, failing restrain and prevent this brutal behavior, and failing to discipline officers who do so.

26.    Additionally, and at all times, CHICAGO, through supervisory and command personnel, knew that police officers, agents, and employees, including LINDALH and GRIMM, failed to follow policies and procedures for the use of force when effecting an arrest, and used unreasonable and unjustified force against detainees, including CONDON, during arrest and detention, and condoned such practices.

27.    The identified and unidentified Defendants herein, by the acts described above, denied CONDON of his constitutional rights when said defendants acted in concert and based on a common scheme to cause Defendants to physically beat and batter CONDON, and provided an official means for officers to deny same. Such conduct constituted purposeful deprivation of his constitutional rights, i.e., denying CONDON to be free from arbitrary physical abuse.

28.    The Defendants' acts against CONDON and their failure to protect him against said abuse constitutes state action within the meaning of the Fourteenth Amendment of the

5

United States Constitution. Defendants have, therefore, violated CONDON's rights secured to him by the Fourth and Fourteenth Amendment.

29.     At all times relevant herein, the aforementioned defendant officers and agents functioned as public employees or policy makers with respect to CONDON. Defendant police officers, including but not limited to LINDALH and GRIMM, acted in concert to deprive CONDON of his rights.

30.     Because of the actions of said Defendants, CONDON has suffered, and continues to suffer damages.

31.     By reason of the foregoing, Defendants have subjected CONDON to deprivation of his Constitutional rights and are liable in equity and for damages to CONDON under the law.

WHEREFORE, THOMAS CONDON demands compensatory against the CITY OF CHICAGO, and compensatory and punitive damages against CHRISTOPHER LINDAHL and THOMAS GRIMM, as well as against the other unidentified individual CHCIAGO police officers, deputies, in their individual capacities, together with CONDON's attorneys fees, the cost of this action and all other just and equitable remedy as this Court deems just and equitable.

## COUNT II
### (42 U.S.C. Section 1983 *MONELL* Policy Claim)

32.     CONDON re-alleges and incorporates by reference as though fully set forth herein the allegations set forth in paragraphs 1 through 31 above as 1 through 31 of this Count.

33.     The actions of the CHICAGO, LINDAHL, GRIMM, the Internal Affairs officers, and other unidentified officers, as alleged above, were done pursuant to one or more interrelated *de facto* policies, practices and/or customs of CHICAGO.

6

34.     At all times material to this complaint, CHICAGO, through its respective officers,

agents, and deputies, and pursuant to its policies and practices, had interrelated *de facto* policies,

practices, and customs which included, *inter alia*:

a.      failing to properly train, supervise, discipline, transfer, monitor, counsel
and/or otherwise control officers, particularly those who are repeatedly accused of
physical and other abuse of suspects and other citizens of false arrests, wrongful
imprisonments, malicious prosecutions and wrongful convictions, and of making
false reports and statements;

b.      the police code of silence, specifically in cases where officers engaged in
the violations articulated above, whereby said persons failed to report or otherwise
covered-up instances of misconduct, and/or the fabrication, suppression and
destruction of evidence of which they were aware, despite their obligation under
the law and pursuant regulations to report such violations. Said code of silence
also includes officers either remaining silent or giving false and misleading
information during official investigations in order to protect themselves or fellow
officers from internal discipline, civil liability, or criminal charges;

c.      other police personnel, including those police personnel on the supervisory
and command level, knowingly and consistently failed to intervene to protect
detainees when they knew such persons were being physically abused and
victimized.

35.     Defendants had a widespread practice or custom of physically and emotionally

abusing arrestees, which herein caused proximate harm to CONDON.

36.     Defendants were deliberately indifferent to CONDON'S physical beating in

violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

37.     The patterns and practices set forth above were well known by the command level

and supervisory officials of CHICAGO both before and after CONDON was physically beaten.

38.     Said interrelated policies, practices and customs, as set forth above, both

individually and together, were maintained and implemented with deliberate indifference, and

were separately and together a direct and proximate cause of the unconstitutional acts and the

7

injuries suffered by CONDON.

39.    The involvement in, and ratification of, the unconstitutional actions set forth above by the CHCIAGO officials, acting as a final policymakers for CHCIAGO in police matters also establishes that said Constitutional violations were directly and proximately caused by CHICAGO.

WHEREFORE, PLAINTIFF demands judgment against Defendant CITY OF CHICAGO, for compensatory damages plus costs and attorneys' fees and whatever additional relief this Court finds equitable and just.

## COUNT III
### (42 U.S.C. Section 1983 Failure to Intervene)

40.    CONDON re-alleges and incorporates by reference as though fully set forth herein the allegations set forth in paragraphs 1 through 39 above as 1 through 39 of this Count.

41.    The above stated acts of violence against the Plaintiff by a Defendant officers were witnessed and encouraged by other CHICAGO police officers.

42.    Other sworn police CHCIAGO officers, including supervisors and command personnel, knew that Officers LINDAHL  and GRIMM were physically beating CONDON while handcuffed and in custody.

43.    Defendant Officers had the opportunity and duty to prevent the violation of the Plaintiffs civil rights by a fellow Defendant Officer, but failed to do so.

44.    Notwithstanding the opportunity to intervene and stop the illegal conduct alleged above, other police officers allowed the conduct to continue and failed to intervene and to stop it.

8

45.     This widespread practice or custom of physically abusing arrestees herein caused proximate harm to CONDON.

46.     Defendants deliberately failed to intervene and stop fellow officers from beating and physical abusing CONDON in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

47.     The failure of Defendants to prevent the above alleged civil rights violations was the direct and proximate cause of the Plaintiffs injuries.

WHEREFORE, PLAINTIFF demands judgment against Defendant CITY OF CHICAGO, compensatory damages plus costs and attorneys' fees and whatever additional relief this Court finds equitable and just.

### COUNT IV
### (State Law Claim for Intentional Infliction of Emotional Distress)

48.     ECKERT re-alleges and incorporates by reference as though fully set forth herein the allegations set forth in paragraphs 1 through 47 above as 1 through 47 of this Count.

49.     Defendants, CITY OF CHICAGO, LINDAHL, and GRIMM, and other unidentified officers, individually, jointly, and in conspiracy with each other, and their agents, and with certain other law enforcement agents, engaged in extreme and outrageous conduct by, *inter alia*, but deliberately physically beating the body of CONDON  and subjecting CONDON to physical and emotional abuse.  Additionally, these same Defendants, individually, jointly, and in conspiracy with each other engaged in additional extreme and outrageous conduct by otherwise abusing CONDON.

9

50.     Defendants, CITY OF CHICAGO, LINDAHL and GRIMM, and other unidentified officers, intended, by subjecting CONDON to such humiliating and degrading conduct to inflict severe physical and emotional distress on CONDON, and knew that their conduct would cause CONDON and his family severe emotional distress and harm.

51.     As a direct and proximate result of Defendants' outrageous conduct, CONDON was injured, and had experienced, and continues to experience, severe emotional distress and anxiety.

WHEREFORE, , THOMAS CONDON demands compensatory against the CITY OF CHICAGO, and compensatory and punitive damages against CHRISTOPHER LINDAHL and THOMAS GRIMM, as well as against the other unidentified individual CHCIAGO police officers, deputies, in their individual capacities, together with CONDON's attorneys fees, the cost of this action and all other just and equitable remedy as this Court deems just and equitable.

**COUNT V**
**(State Law *RESPONDEAT SUPERIOR* Claim)**

52.     PLAINTIFF re-alleges and incorporates by reference as though fully set forth herein the allegations set forth in paragraphs 1 through 51 above as 1 through 51 of this Count.

53.     Defendants LINDAHL and GRIMM were, at all times material to this Complaint, employees of CHICAGO and were acting within the scope of their employment, and their acts which violated state law are directly chargeable to CHICAGO under state law pursuant to *respondeat superior*.

54.     Additionally, and pursuant to 745 ILCS 10/9-102, CHICAGO has a duty to indemnify any settlement or judgment entered against it for actions of its agents and employees.

10

WHEREFORE, THOMAS CONDON demands compensatory against the CITY OF CHICAGO, and compensatory and punitive damages against CHRISTOPHER LINDAHL and THOMAS GRIMM, as well as against the other unidentified individual CHCIAGO police officers, deputies, in their individual capacities, together with CONDON's attorneys fees, the cost of this action and all other just and equitable remedy as this Court deems just and equitable.

### COUNT VI
### (ILLINOIS COMMON LAW CLAIMS)

55.    CONDON re-alleges and incorporates by reference as though fully set forth herein the allegations set forth in paragraphs 1 through 54 above as 1 through 54 of this Count.

56.    CHICAGO was the employer of LINDAHL and GRIMM, and other unidentified Chicago Police officers and at all times relevant and material to this Complaint.

57.    These Defendants committed the acts alleged above, including assault and battery, and intentional, willful and wanton physical, psychological and emotional abuse, all under color of law and in the scope of their employment.

58.    The actions of the Chicago Police constituted willful and wanton conduct in that the officers, and each of them, knowing that they were mandated by specific rules to refrain from such abuse, failed to adhere to and follow said specific rules, policies, and procedures.

59.    This intentional, and/or willful and wanton conduct resulted in permanent and painful injuries.

60.    Additionally, and pursuant to 745 ILCS 10/9-102, CHICAGO has a duty to indemnify any settlement or judgment entered against it for actions of its agents and employees.

11

WHEREFORE, PLAINTIFF, THOMAS CONDON, pursuant to 745 ILCS 10/9-102, and

otherwise pursuant to law, demands compensatory against the CITY OF CHICAGO, and

compensatory and punitive damages against CHRISTOPHER LINDAHL and THOMAS

GRIMM, as well as against the other unidentified individual CHCIAGO police officers, deputies,

in their individual capacities, together with CONDON's attorneys fees, the cost of this action and

all other just and equitable remedy as this Court deems just and equitable.


**PLAINTIFF Demands a trial by jury on all Counts of the Complaint**

Respectfully submitted,

**SCHIFF GORMAN & KRKJLES**


s/Thomas G. Gorman

Thomas G. Gorman
**SCHIFF GORMAN & KRKLJES**
One E. Wacker, 28th Floor
Chicago, Illinois 60601
312-345-7210