UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS CONDON,

    Plaintiff,

v.

Court No.: 09-cv-2641

CITY OF CHICAGO, a municipal corporation, unidentified Chicago Police officers, agents, and employees, CHICAGO POLICE OFFICER CHRISTOPHER LINDAHL, individually and as agent of CITY OF CHICAGO, and CHICAGO POLICE OFFICER THOMAS GRIMM, individually and as agent of CITY OF CHICAGO,

    Defendants.

COPY

## PROOF OF SERVICE VIA MAIL

TO:    Thomas Aumann, City of Chicago Law Department, 30 N. LaSalle Street, Suite 1400, Chicago, Illinois 60602

Caroline Fronczak, City of Chicago Law Department, 30 N. LaSalle Street, Suite 1020, Chicago, Illinois 60602

I, the undersigned, an attorney, certify that I served Plaintiff's First Set of Interrogatories and First Production Request to Defendants, by causing same with attachments to be addressed to the person listed above and deposited in a United States Post Office box located at One East Wacker Drive, Chicago, Illinois 60601, on or before 5:00 p.m. on September 17, 2009.

                                Thomas G. Gorman

Thomas G. Gorman
**SCHIFF GORMAN & KRKLJES**
One E. Wacker, 28th Floor
Chicago, Illinois 60601
312-345-7210


EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 4.0.3
Eastern Division

Thomas Condon

      Plaintiff,

v.

            Case No.: 1:09−cv−02641
            Honorable William J. Hibbler

City of Chicago, et al.

      Defendant.

# NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, February 3, 2010:

  MINUTE entry before Honorable William J. Hibbler:Status hearing held on 2/3/2010. The court accepts the amended discovery joint discovery plan. Fact discovery ordered closed by 6/1/2010. Plaintiff shall comply with FRCP(26)(a)(2) by 7/1/2010. Defendant shall comply with FRCP(26)(a)(2) by 8/2/2010. Parties are to meet and confer regarding the possiblity of settlement by 6/1/2010. Dispositive motions with supporting memoranda due by 8/2/2010. Status hearing set for 3/30/2010 at 9:30 AM. Mailed notice(tlp, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.



EXHIBIT
2

Direct Dial: 312-345-7210
Email: tgorman@schiff-law.com

December 11, 2009

Thomas Aumann
City of Chicago Law Department
30 N. LaSalle Street, Suite 1400
Chicago, Illinois 60602

Caroline Fronczak
City of Chicago Law Department
30 N. LaSalle Street, Suite 1020
Chicago, Illinois 60602



Re: **Thomas Condon v. City of Chicago, et al.**
Court No.: 09 cv 2641

Counsel:

Please comply with all outstanding written discovery. This request is made pursuant to Local Rule 37.2.

Thank you for your cooperation.

Sincerely,

**SCHIFF GORMAN & KRKLJES**

Thomas G. Gorman

TGG:cb



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS CONDON, | ) |
| | ) No. 09 C 2641 |
| Plaintiff, | ) |
| | ) Judge Hibbler |
| v. | ) |
| | ) Magistrate Judge Ashman |
| CITY OF CHICAGO, a Municipal Corporation, Unidentified Chicago Police officers, agents, and employees, CHICAGO POLICE OFFICER CHRISTOPHER LINDAHL, individually, and as agent of CITY OF CHICAGO, and CHICAGO POLICE OFFICER THOMAS GRIMM, individually and as agent of CITY OF CHICAGO, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## DEFENDANT CITY OF CHICAGO'S ANSWER TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1. State the name, address, phone number, job title, and employer of the person(s) answering these interrogatories, explain why this person was selected to answer these interrogatories, including a description of why the person selected has the requisite knowledge to properly and fully answer these interrogatories. In addition, identify each person who assisted in answering these interrogatories, and specify which interrogatory and/or its subpart the identified person assisted with. If different from above, state the full name, job title, address, and phone number of the individual signing the answers.

**ANSWER:** The City objects to this interrogatory to the extent it is vague and over broad.

Subject to and without waiving such objection, the City states that it consulted only with its

attorney of record in answering these interrogatories.

2. Has either Officer LINDAL or GRIMM ever been suspended, reprimanded, or disciplined in any way, during his employment with the Chicago Police Department? If yes, for each occurrence, identify the reason given for the suspension, reprimand, or other discipline.

**ANSWER:** The City states that investigation continues.



EXHIBIT 4

3. Was there an internal investigation for the incident alleged in the complaint? If so, identify each person who was in any way involved in the internal investigation, including, but not limited to:

    a) any person who participated in any way in the investigation;
    b) any person who was interviewed, or attempted to be interviewed, during the investigation;
    c) any supervisor or superior who was involved in the investigation;
    d) any persons who reviewed the investigation;
    e) any persons who participated in the decision making process for discipline;

**ANSWER:** The City objects to this interrogatory to the extent it is unduly burdensome, vague, and to the extent that there is an ongoing investigation of the Complaint Register ("CR") in this case. Subject to and without waiving said objections, the City states that it will tender to Plaintiff a copy of CR files 1026615 and 1026616, if available, upon completion of the respective investigations. Investigation continues.

4. State whether there were any policies, procedures, guidelines, rules, general orders, and/or protocols related to detaining, arresting, transporting, and/or providing medical treatment to arrestees at the time Plaintiff was arrested in May of 2007. If so, state for each such policy:

    a) Whether such policies, guidelines, rules or protocols are published and by whom;
    b) The effective dates of said policies, rules or protocols;
    c) Who is the administrator of any such policies, procedures, guidelines, rules and/or protocols; and
    e) Whether the policies, guidelines, rules or protocols in effect at the time of the occurrence alleged in the complaint have been changed, amended, or altered since the occurrence. If so, state the change(s) and the date(s) of any such change(s).

**ANSWER:** The City states that investigation continues.

5. State the nature and duration of any training or experience as a police officer that is a prerequisite for employment as a police officer in the City of Chicago.

**ANSWER:** The City states that investigation continues.

6.  For every civil rights case alleging misconduct or use of excessive force by Chicago police officers which was pending or filed from January 1, 1999 to present, state the case number and docket number, the substance of the allegations and any resolution or terms of settlement.

**ANSWER**: The City objects to this interrogatory to the extent that it is overbroad in time, calls for information that is equally available to the Plaintiff, and calls for information, particularly terms of settlement, that may be subject to a confidentiality agreement. Subject to and without waiving any objection, the City states that investigation continues.

7.  Were there any internal administrative procedures in place now or at the time of the incident designed to prevent and correct instances of abuse of authority of Chicago police officers? If yes, describe the nature of the procedures and the person or persons responsible for implementing and/or enforcing those procedures.

**ANSWER**: The City states that investigation continues.

8.  Were there any procedures, training materials, and/or policies concerning the City of Chicago's custom or practice regarding discipline of officers, and specifically for discipline for the violation of a Constitutional right? If yes, describe the nature of those procedures, materials or policies, and the person or persons responsible for implementing and/or enforcing those procedures or policies.

**ANSWER**: The City states that investigation continues.

9.  For any and all defenses or affirmative defenses you assert in this case, fully describe the factual basis to support each defense asserted, and identify all documents, electronically stored information, and things that are related to the facts of each asserted defense, and identify all persons have has any information or knowledge related to any defense asserted.

**ANSWER**:

The objects to describing the factual basis of the defenses at this early stage of the litigation and because the interrogatory demands disclosure of information beyond what is required by the Federal Rules of Civil Procedure. The City further objects to this interrogatory because it is overbroad, unduly burdensome and calls for legal conclusions, beyond that which is

-3-

self-evident in the pleadings and which is, has been or will be disclosed during the course of written and oral discovery in this matter. The City further objects because this interrogatory seeks to discover attorney work product and defense strategy to which Plaintiff is not entitled. Subject to and without waiving these objections, all witnesses with relevant knowledge of the affirmative defenses pled to date are revealed in documents produced to date in Defendants' Joint Initial Rule 26(a)(1) Disclosures and enclosed Bates stamped documents FCRL 59-93 and 163-327.

To the extent that there are "facts" or physical, documentary, or testimonial evidence which are beyond the scope of the above stated discovery, Defendant Bauman will provide this information to the best of his understanding and ability as it is disclosed during discovery and required by applicable rules.

10. Identify each person who you intend to call as an expert witness at the trial of this case. For each person identified:

    a) state the subject matter on which each expert will testify along with a complete statement of all opinions;
    b) state the substance of the facts and opinions to which the expert is expected to testify;
    c) state the complete basis and grounds for each opinion;
    d) describe in detail the expert's qualifications, listing any schools attended and degrees received, experience in particular fields, number of years in practice, a list of all publications, and a list of memberships in any professional societies;
    e) identify all documents and/or things that the expert examined, relied upon, considered and/or consulted in forming each opinion;
    f) state whether each expert identified has been retained as an expert in any other case or litigation in the last ten years, and, if so, for each instance:
        i) state the name of each case along with the case number and name/location of the court;
        ii) state the dates of service and the general substance of the expert's work in each case;
        iii) identify the parties and attorneys involved in each case;
        iv) identify each time that the expert has testified at trial or by deposition; and

v) state and describe the compensation and rates to be paid.

**ANSWER:** The City objects to this request to the extent that it is premature, calls for information protected by the work-product doctrine, and to the extent that it calls for the disclosure of information beyond that required by the Federal Rules of Civil Procedure. Subject to and without waiving these objections, the City states that it has not yet retained an expert, yet reserves the right to do so.

11. Identify each person that you or your attorneys have consulted with about any of the claims and/or defenses in this case but was not identified in the preceding interrogatory, together with a statement of the purpose for the consultation, and a description of the subject matter and general substance of the communications with each identified person.

**ANSWER:** The City is not aware of any individuals responsive to this interrogatory.

12. Identify and describe any statements, information and/or documents requested by any of the foregoing interrogatories and/or Plaintiff's Request for Production of Documents which you and/or your attorney(s) claim to be work product, confidential, and/or subject to any common law or statutory privilege, and for each such thing identified state the legal basis for the claim.

**ANSWER:** See enclosed Bates stamped document FCRL 327.

13. Identify any and all documents, electronically stored information, and/or things which were at any time in your possession, control or custody, (including any documents or things which have been lost or stolen) that has not been produced or identified in your response to the above interrogatories and/or Plaintiff's Request for Production of Documents, Electronically Stored Information, and Things, that would otherwise be responsive to the above interrogatories and/or Plaintiff's Request for Production of Documents, Electronically Stored Information, and Things.

**ANSWER:** The City states that investigation continues.

14. Identify each and every detainee and/or arrestee who was held, detained, booked, and/or processed at the CPD stations that were identified in the Complaint on May 18, 2007 and May 19, 2007.

**ANSWER:** The City objects to this request to the extent that it is over broad in scope and time, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, the City refers Plaintiff to enclosed Bates stamped documents FCRL 75-90. Additionally, the City states that the 12th District did not house a lockup on the above requested dates. See enclosed Bates stamped document FCRL 74. Investigation continues.

15. Is each and every one of your answers to the above interrogatories correct, full and complete, even when an objection is made? If not, identify each and every interrogatory where an answer was not full and complete, and explain why each identified answer was not full and complete.

**ANSWER:** Yes, at the present time.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel
City of Chicago

By: _____
THOMAS J. AUMANN
Assistant Corporation Counsel

City of Chicago, Department of Law
Federal Civil Rights Litigation Division
30 North LaSalle Street, Suite 1020
Chicago, Illinois 60602
(312) 744-7630 (Phone)
(312) 744-3989 (Fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS CONDON, ) | |
| ) | No. 09 C 2641 |
| Plaintiff, ) | |
| ) | Judge Hibbler |
| v. ) | |
| ) | Magistrate Judge Ashman |
| CITY OF CHICAGO, a Municipal ) | |
| Corporation, Unidentified Chicago Police ) | |
| officers, agents, and employees, CHICAGO ) | |
| POLICE OFFICER CHRISTOPHER ) | |
| LINDAHL, individually, and as agent of ) | |
| CITY OF CHICAGO, and CHICAGO ) | |
| POLICE OFFICER THOMAS GRIMM, ) | |
| individually and as agent of CITY OF ) | |
| CHICAGO, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

To:  Thomas G. Gorman                    Caroline Fronczak
     Schiff Gorman & Krkjles              Assistant Corporation Counsel
     One East Wacker                      30 North LaSalle Street
     Suite 2850                           Suite 900
     Chicago, Illinois 60601              Chicago, Illinois 60602

I hereby certify that I have caused true and accurate copies of the above and foregoing **Defendant City of Chicago's Answer to Plaintiff's First Set of Interrogatories** to be served via messenger delivery to the persons named above at the addresses listed above this 4th day of January, 2010.

_____
THOMAS J. AUMANN
Assistant Corporation Counsel

City of Chicago, Department of Law
Federal Civil Rights Litigation Division
30 North LaSalle Street, Suite 900

-7-

Chicago, Illinois 60602
(312) 744-7630 (Phone)
(312) 744-6566 (Fax)